UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RUSEBIO BROOKS, CARLITA THOMAS,
JAMES MALLOY, SABRINA LOCUS and
LYNDEN TYRONE FLOWERS, Individually and
on Behalf of All Other Persons Similarly Situated,

                            Plaintiffs,

           v.

THE GRIFFIN SECURITY AGENCY, INC. and
MICHAEL E. SMITH, Jointly and Severally,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>ECF CASE</u>

No.: 1:15-cv-2303 (JGK) (MHD)

CLASS AND COLLECTIVE
ACTION COMPLAINT

<u>JURY TRIAL DEMANDED</u>

<u>NATURE OF THE ACTION</u>

1.     Plaintiffs Rusebio Brooks ("Brooks"), Carlita Thomas ("Thomas"), James

Malloy ("Malloy"), Sabrina Locus ("Locus"), and Lynden Tyrone Flowers ("Flowers")

(collectively "Plaintiffs"), allege on behalf of themselves and other similarly situated

current and former employees of Defendants The Griffin Security Agency, Inc. ("Griffin

Security") and Michael E. Smith ("Smith") (collectively "Defendants") and those who

elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

216(b), that they are entitled to (i) unpaid wages from Defendants for overtime work for

which they did not receive overtime premium pay, as required by law, and (ii) liquidated

damages under the FLSA, 29 U.S.C. §§201 *et seq.*

2.     Plaintiffs further complain on behalf of themselves, and a class of other

similarly situated current and former employees of Defendants, under Fed. R. Civ. P. 23,

that they are entitled to (i) back wages from Defendants for off-the-clock and overtime

work for which they did not receive overtime premium pay, as required by the New York

Labor Law ("NYLL") §§ 650 *et seq.,* including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor under the Minimum Wage Act (Article 19 of the NYLL), (ii) penalties for Defendants' violations of their record keeping requirements under NYLL § 195, and (iii) liquidated damages under the NYLL, as amended by the Wage Theft Prevention Act ("WTPA").

3.     Plaintiff Brooks alleges on behalf of himself that he was subjected to unlawful retaliatory conduct when he engaged in the protected conduct of complaining to Defendants about their unlawful compensation policies and Defendants stopped scheduling him for work, violating the NYLL and FLSA, and entitling him to compensatory damages, interest, punitive damages, and attorneys' fees

<u>JURISDICTION AND VENUE</u>

4.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' FLSA claims under 29 U.S.C. § 216(b).

5.     Venue is proper in this district under 28 U.S.C. §1391(b).

6.     This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>PARTIES</u>

7.     Plaintiff Brooks was, at all relevant times, an adult individual, residing in Mount Vernon, New York, County of Westchester.

8.     Plaintiff Thomas was, at all relevant times, an adult individual, residing in New York, New York, County of New York.

9.     Plaintiff Malloy was, at all relevant times, an adult individual, residing in Bronx, New York, County of New York.

10.    Plaintiff Flowers was, at all relevant times, an adult individual, residing in New York, New York, County of New York.

11.    Plaintiff Locus was, at all relevant times, an adult individual, residing in New York, New York, County of New York.

12.    Upon information and belief, Defendant Griffin Security is a New York Corporation, with a principal place of business at 80 Maiden Lane, New York, New York 10038.

13.    Upon information and belief, Defendant Griffin Security is an enterprise engaged in commerce or in the production of goods for commerce.  Defendant Griffin Security is engaged in commerce or in the production of goods for commerce, because, inter alia, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00.  These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, cones, time sheets, log books, and iPads.

14.    Upon information and belief, Defendant Smith owns, operates and/or controls the day-to-day operations and management of Defendant Griffin Security and jointly employed Plaintiff Brooks and other similarly situated employees at all relevant times.

15.     The address of Defendant Smith is presently unknown but his business address is 80 Maiden Lane, Suite 901, New York, New York 10038.

16.     Each Defendant, either directly or indirectly, has hired and fired Plaintiffs and other employees, controlled Plaintiffs' work schedules and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

COLLECTIVE ACTION ALLEGATIONS

17.     Under 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons Defendants employed and are employing as "parking coordinators" or "drivers", or in a position that performed similar duties as Plaintiffs, ("Parking Coordinators") at any time since March 24, 2012 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek (the "Collective Action Members").

18.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, approximately three hundred (300) Collective Action Members exist during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

19.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law, wage and hour law, and collective action litigation. Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

20.    Plaintiffs and the Collective Action Members are similarly situated on several legal and factual issues:

a.    whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b.    whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

c.    whether Defendants failed to post or keep posted a notice explaining minimum and/or overtime pay rights provided by the FLSA in any area where Plaintiffs and the Collective Action Members were employed, violating 29 C.F.R. § 516.4;

d.    what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

e.    whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

f.     whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

g.     whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

h.     whether Defendants jointly employed Plaintiffs and the Collective Action Members;

i.     whether Defendant Smith is an "employer" under the FLSA;

j.     whether Defendants should be enjoined from such violations of the FLSA in the future; and

k.     whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

<u>CLASS ALLEGATIONS</u>

21.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

22.    Plaintiffs bring their NYLL claims on behalf of all persons who Defendants are employing and have employed as "parking coordinators" or "drivers" at any time since March 24, 2008, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the NYLL, who were uncompensated for every hour worked and were not paid overtime compensation at rates not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per workweek (the "Rule 23 Class Members").

23.     Plaintiffs brings their NYLL § 195.1 claim on behalf of all persons who Defendants are employing and have employed as parking coordinators or drivers at any time since April 9, 2011 (i.e. the effective date of the WTPA), to the entry of judgment in this case (the "Sub-Class Period"), who did not receive from Defendants the Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1 at the time of hire or at any point during their employment (the "Rule 23 Sub-Class Members").

24.     The Rule 23 Class and Sub-Class Members identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, approximately three hundred (300) Rule 23 Class Members exist during the Class Period.

25.     Plaintiffs' claims are typical of the claims of the Rule 23 Class and Sub-Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

26.     Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class and Sub-Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

27.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

28. Plaintiffs have the same interest in this matter as all other members of the class and their claims are typical of the Rule 23 Class and Sub-Class.

29. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions solely affecting the individual Rule 23 Class and Sub-Class Members, including but not limited to:

a. whether Defendants employed Plaintiffs and the Rule 23 Class Members within the meaning of the NYLL;

b. whether Defendants failed to keep true and accurate time records for all hours Plaintiffs and the Rule 23 Class Members worked;

c. whether Defendants failed to post or keep posted a conspicuous notice explaining the minimum wages and overtime pay rights provided by the NYLL in any area where Plaintiffs and the Rule 23 Class Members are or were employed, violating the NYLL;

d. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

e. whether Defendants failed and/or refused to pay Plaintiffs and the Rule 23 Class Members overtime premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the NYLL;

f. whether Defendants failed and/or refused to pay Plaintiffs and the Rule 23 Class Members for all hours worked (i.e., "off-the-clock work");

g.   whether Defendants failed to post the notice required by NYLL §
     198-d;

h.   whether Defendants failed to provide Plaintiffs and the Rule 23
     Sub-Class Members the required Notice under NYLL § 195.1;

i.   whether Defendants jointly employed Plaintiffs and the Rule 23
     Class Members;

j.   whether Defendant Smith is an "employer" under the NYLL;

k.   whether Defendants are liable for all damages claimed hereunder,
     including but not limited to, interest, costs and disbursements and
     attorneys' fees; and

l.   whether Defendants should be enjoined from such violations of the
     NYLL in the future.

## STATEMENT OF FACTS

30.   At all relevant times, Defendants own and operate a business that places traffic cones on the street to divert traffic from particular areas, largely to allow for construction to be performed unencumbered.

31.   Defendants provide their services primarily in Manhattan with Consolidated Edison, Inc. ("ConEd") as the main client.

32.   Defendant Smith is President and Chief Executive Officer of Defendant Griffin Security.

33.   Defendants employed Plaintiff Brooks as a parking coordinator from June 23, 2014 to July 12, 2014.

34.    Defendants have employed Plaintiff Malloy as a parking coordinator from August 30, 2014 to the present.

35.    Defendants have employed Plaintiff Flowers as a parking coordinator from December 2014 to the present.

36.    Defendants have employed Plaintiff Locus as a parking coordinator from July 5, 2014 to the present.

37.    Defendants employed Plaintiff Thomas as a parking coordinator from November 28, 2014 to the present.

38.    As Parking Coordinators, the primary duties of Plaintiffs and the Rule 23 Class and Collective Action Members are the same regardless of where they work: placing cones on streets to divert traffic away from particular areas and then staying at that location in their personal cars until they are instructed to collect the cones or relieved by the next shift.

39.    From speaking with and observing many of them, Plaintiffs know that the Rule 23 Class and Collective Action Members performed the same primary duties as him.

40.    Defendant Smith has the authority to and does make decisions regarding Plaintiffs and the Rule 23 Class and Collective Action Members' work schedules, work locations (i.e. at what site they will work), and compensation.

41.    Defendant Smith keeps records regarding Plaintiffs and the Rule 23 Class and Collective Action Members' hours worked and compensation received.

42.    Defendant Smith has the authority to and does make hiring and firing decisions regarding the Rule 23 Class and Collective Action Members.

43.     Throughout the time Defendants employed Plaintiffs and, upon information and belief, both before that time and continuing until today (the Class and Collective Action Period), Defendants have likewise employed other individuals like Plaintiffs (the Rule 23 Class and Collective Action Members) in positions that required little skill and no capital investment, and their duties and responsibilities did not include any managerial responsibilities, or the exercise of independent judgment.

44.     As a parking coordinator, Plaintiff Brooks was consistently assigned a minimum of 4, 12-hour shifts per week, equaling a minimum of 48 hours worked per week.

45.     Plaintiffs Thomas, Malloy, Flowers and Locus are consistently assigned a minimum of 4, 12-hour shifts per week, equaling a minimum of 48 hours worked per week.

46.     Plaintiffs worked more than 40 hours each week Defendants employ or employed them.

47.     Defendants assign Parking Coordinators 12, 16, 24 or 36-hour shifts and regularly assign them at least 4 shifts per week, resulting in them working more than 40 hours per week under their assigned hours.

48.     Plaintiffs and the Rule 23 Class and Collective Action Members would track their hours by calling into Defendants' dispatchers, by signing out with ConEd, or using an iPad Defendants supplied.

49.     From speaking with many of them, Plaintiffs know the Rule 23 Class and Collective Action Members worked similar shifts as them.

50.    During the Class and Collective Action Period, Plaintiffs and, upon information and belief, the Rule 23 Class and Collective Action Members' regular weekly work schedule exceeded forty (40) hours.

51.    For those using company-provided vehicles, Plaintiffs and the Rule 23 Class and Collective Action Members' workday starts when they first report to Defendants' headquarters and learn of their job assignments and are given a company vehicle to drive to their assignments.  Upon receiving their job assignment and being provided with a vehicle, they then drive to their assignment.

52.    The travel time from Defendants' headquarters to their assignment is on average more than hour.

53.    For those using company-provided vehicles, Plaintiffs and the Rule 23 Class and Collective Action Members' workday ends when they report back Defendants' headquarters and drop off their company-provided vehicle.

54.    For those not using company-provided vehicles, their workday starts when they arrive at their assignment, having driven straight from home.

55.    Rule 23 Class and Collective Action Members would frequently have to drive back to Defendants' headquarters to drop off time sheets before their workday was done.  This occurred when an assignment was complete and no further Rule 23 Class and or Collective Action Member was going to be assigned to that particular location.

56.    For those not using company-provided vehicles, their workday ends when they leave their assignment to drive home, unless they need to drive to Defendants' headquarters to drop off time sheets under the conditions set forth above. If they have to do so, their work day ends after delivering the time sheets.

57.     The travel time from their assignment back to Defendants' headquarters is on average more than hour.

58.     Under the conditions set forth herein, the travel time to-and-from Defendants' headquarters is part of Plaintiffs and the Rule 23 Class and Collective Action Members' daily work and duties as Defendants' employees.

59.     While traveling from Defendants' headquarters to their assignment and returning to headquarters from their assignment, Plaintiffs and the Rule 23 Class and Collective Action Members are not permitted to use that time for their own purpose as they are instructed to drive straight to the assignment and then straight back to the headquarters.

60.     The travel time to and from Defendants' headquarters is an integral part of Plaintiffs and the Rule 23 Class and Collective Action Members' duties.

61.     Defendants do not compensate Plaintiffs and the Rule 23 Class and Collective Action Members for the travel time to and from headquarters.

62.     Defendants paid Plaintiffs and the Rule 23 Class and Collective Action Members $10.00 per hour and paid them bi-weekly (every two weeks).

63.     Up until in or about August 2014, Defendants did not reimburse Plaintiffs and, upon information and belief, the Rule 23 Class and Collective Action Members for any of their business-related expenses, including gas and tolls.

64.     Beginning in or around August 2014, Defendants implemented a uniform policy under which they paid the Rule 23 Class and Collective Action Members $3.00 per hour to reimburse them for their business-related expenses.  The $3.00 per hour

allotment did not, however, fully-reimburse the Rule 23 Class and Collective Action Members for their business-related expenses.

65.     Pursuant to their uniform compensation policy, Defendants did not compensate Plaintiffs and the Rule 23 Class and Collective Action Members for every hour they worked per week.  Defendants instead would on average not pay them for 4 hours worked per week and would wait for Rule 23 Class and Collective Action Members to submit a "discrepancy form" to challenge whether they were paid in full. As a majority of the Rule 23 Class and Collective Action Members did not submit these forms, Defendants did not compensate them for all hours worked.

66.     Through this uniform compensation policy, Defendants systematically did not compensate Plaintiffs and the Rule 23 Class and Collective Action Members for each hour worked.

67.     Defendants' payroll practice of paying Plaintiffs and the Rule 23 Class and Collective Action Members every two weeks was designed to avoid informing them that they had worked more than forty (40) hours per workweek and thus entitled to overtime premium pay.

68.     From speaking with many of them, Plaintiffs know that Defendants paid the Rule 23 Class and Collective Action Members and hourly rate, paid them bi-weekly, did not pay them for every hour worked, and did not pay them overtime premium pay for every hour they worked above 40 in a week.

69.     Defendants violated NYLL § 191 through its policy of paying the Rule 23 Class Members every two weeks.

70.     Defendants failed to pay Plaintiffs and the Rule 23 Class and Collective Members premium pay of one and one-half (1.5) times their regular hourly rate of pay for any hour they worked in excess of forty (40) per week.

71.     Defendants failed to compensate Plaintiffs and the Rule 23 Class and Collective Action Members for all hours worked.

72.     Plaintiff Brooks previously complained to his manager about not being paid overtime and not being paid for every hour worked.

73.     In retaliation for his complaints about their compensation policies, Defendants stopped scheduling Plaintiff Brooks for any more shifts.

74.     Some of the Rule 23 Class and Collective Action Members with whom Plaintiff Brooks has discussed Defendants' compensation policies include Elijah Brown and Orlando Newell.

75.     Defendants have a high turnover rate with the Parking Coordinators who they employ, with some voluntarily terminating their employment and others having their employment involuntarily terminated.

76.     While working for Defendants, Plaintiffs did not see any poster or notice at Defendant Griffin Security's place of business advising them of their rights to a minimum wage or overtime premium pay.

77.     Throughout the Class and Collective Action Period, upon information and belief, Defendants failed to maintain accurate and sufficient time records.

78.     Defendants were aware of their obligations under the FLSA to pay Plaintiffs and the Rule 23 Class and Collective Action Members overtime premium pay, but knowingly and/or recklessly disregarded these obligations.

79.    Defendants' compensation policies were was deliberately designed to attempt to avoid their obligations under the FLSA.

80.    Defendants did not provide Plaintiffs and, upon information and belief, the Rule 23 Notice Sub-Class Members with the Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1 when they were hired or at any time during their employment.

FIRST CAUSE OF ACTION

FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
(Brought on Behalf of Plaintiffs and the Collective Action Members)

81.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

82.    At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

83.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

84.    Upon information and belief, at all relevant times, Defendant Griffin Security has gross revenues in excess of $500,000.

85.    Plaintiffs consent in writing to be parties to this action under 29 U.S.C. §216(b). Plaintiffs' written consents are attached hereto and incorporated by reference.

86.    Defendants were required to pay Plaintiffs and the Collective Action Members no less than one and one-half (1.5) times the regular rate at which they were employed for all hours worked in excess of forty (40) hours in a workweek under the

overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29

U.S.C. §§ 207(a)(1) and 215(a).

87.    Plaintiffs and the Collective Action Members' time spent traveling to and

from Defendants' headquarters to their job assignments constitute compensable time

under the FLSA's implementing regulations, 29 C.F.R. § 785.38.    Despite this,

Defendants did not compensate Plaintiffs and the Collective Action Members' for their

travel time.

88.    This cause of action does not include any normal travel from home to

work.

89.    As a consequence of not compensating Plaintiffs and the Collective Action

Members for all hours worked, including travel time, Defendants had, at all relevant

times, a policy and practice of refusing to pay overtime premium pay to their employees

for their hours worked in excess of forty (40) hours per workweek, and refusing to

compensate their employees for all hours worked above forty (40) in a week.

90.    Defendants have willfully violated the FLSA by knowingly and

intentionally failing to pay the Collective Action Members overtime wages and by failing

to compensate them for all hours worked above forty in a week.

91.    As a result of Defendants' failure to record, report, credit, and/or

compensate Plaintiffs and the Collective Action Members, Defendants have failed to

make, keep and preserve records with respect to each of their employees sufficient to

determine the wages, hours, and other conditions and practices of employment in

violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and

215(a).

92.     In failing to compensate Plaintiffs and the Collection Action Members for all hours worked above 40 in a week, Defendants violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

93.     This cause of action does not include gap time; it is limited only to uncompensated hours that were worked above forty in a week.

94.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

95.     As a result of Defendants' failure to record, report, credit and/or compensate their employees, including Plaintiffs and the Collective Action members, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

96.     As a result of Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have suffered damages by being denied overtime wages and by being denied compensation for all hours worked above 40 in a week in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### NEW YORK LABOR LAW – UNPAID OVERTIME
(Brought on Behalf of Plaintiffs and the Rule 23 Class Members)

97.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

98.     Defendants are employers within the meaning of NYLL §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiffs and the Rule 23 Class Members.

99.     Plaintiffs and the Class Members' time spent traveling to and from Defendants' headquarters to their job assignments constitute compensable time under the NYLL's implementing regulations, 12 N.Y.C.R.R. § 142-2.1(b).     Despite this, Defendants did not compensate Plaintiffs and the Class Members' for their travel time.

100.    This cause of action does not include any normal travel from home to work.

101.    Under the NYLL and supporting New York Statement Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.2.2, Defendants were required to pay Plaintiffs and the Rule 23 Class Members one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40).

102.    As a consequence of not compensating Plaintiffs and the Class Members for all hours worked, including travel time, Defendants failed to pay the Rule 23 Class Members the overtime wages to which they were entitled under the NYLL.

103.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Rule 23 Class Members the correct amount of overtime wages.

104.    Due to Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class Members are entitled to recover from their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## THIRD CAUSE OF ACTION

### NEW YORK LABOR LAW – OFF-THE-CLOCK WORK
(Brought on Behalf of Plaintiffs and the Rule 23 Class Members)

105.   Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

106.   Defendants failed to compensate Plaintiffs and the Rule 23 Class Members for all hours they worked.

107.   In failing to compensate Plaintiffs and the Rule 23 Class Members for all hours worked, Defendants violated the NYLL and the regulations thereunder, 12 N.Y.C.R.R. § 146-1.2, 1.4.

108.   As a result of Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class Members have suffered damages by being denied compensation in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under the NYLL.

## FOURTH CAUSE OF ACTION

### NEW YORK LABOR LAW – RECORDKEEPING VIOLATIONS
(Brought on Behalf of Plaintiffs and the Rule 23 Sub-Class Members)

109.   Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

110.   Defendants have willfully failed to supply Plaintiffs and the Rule 23 Sub-Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1.

111.    Due to Defendants' violations of NYLL § 195.1, Plaintiffs and the Rule 23 Sub-Class Members are entitled to recover from Defendants fifty dollars ($50.00) for each work week that the violations occurred or continue to occur, or a total of two thousand five hundred dollars ($2,500.00), as provided for by NYLL § 198(1)-b, reasonable attorneys' fees, costs, injunctive and declaratory relief.

## FIFTH CAUSE OF ACTION

### NEW YORK LABOR LAW – UNLAWFUL RETALIATION
(Brought on Behalf of Plaintiff Brooks)

112.    Plaintiff Brooks repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

113.    Plaintiff Brooks is an employee within the meaning of NYLL § 215.

114.    Defendants are employers within the meaning of NYLL § 215.

115.    While employed by Defendants, Plaintiff Brooks verbally complained to Defendants about Defendants' practice, policy and procedure of not paying overtime and not compensating him for all hours worked.

116.    Plaintiff Brooks' verbal complaint to Defendants constitutes a protected activity under the NYLL.

117.    Within approximately one week after complaining to Defendants about their unlawful practices, Defendants retaliated against Plaintiff Brooks by not scheduling him for work, despite other employees of Defendants who did not engage in any protected conduct being scheduled for work.

118.    Defendants' decision not to schedule Plaintiff Brooks for work was motivated by his complaint about Defendants' compensation policies.

119.   A causal connection exists between Plaintiff Brooks' verbal complaint to Defendants and Defendants' decision not to schedule him for work.

120.   Defendants violated NYLL § 215 by retaliating against Plaintiff Brooks for complaining to Defendants about their practice, policy and procedure that violates the NYLL.

<u>SIXTH CAUSE OF ACTION</u>

FAIR LABOR STANDARDS ACT – UNLAWFUL RETALIATION
(Brought On Behalf of Plaintiff Brooks)

121.   Plaintiff Brooks repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

122.   Plaintiff Brooks is an employee within the meaning of 29 U.S.C. § 215(a)(3) of the FLSA.

123.   Defendants are employers within the meaning of 29 U.S.C. § 215(a)(3) of the FLSA.

124.   Plaintiff Brooks' verbal complaint to Defendants about their compensation policies constitutes protected activity under the FLSA.  *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1330 (2011).

125.   Defendants' decision not to schedule Plaintiff Brooks for work was motivated by his verbal complaint about Defendants' compensation policies.

126.   A causal connection exists between Plaintiff's verbal complaint to Defendants and Defendants not scheduling him for work.

127.   Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA by retaliating against Plaintiff for complaining to Defendants about their compensation policies that violate the FLSA.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs, on behalf of themselves, the Rule 23 Class, Rule 23 Sub-Class and Collective Action Members, respectfully request this Court grant the following relief:

a.   Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class and Sub-Class Members and appointing Plaintiffs and their counsel to represent the Rule 23 Class and Sub-Class;

b.   Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b);

c.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.   An award of unpaid overtime compensation under the FLSA and the NYLL,

f.   An award of unpaid compensation for off-the-clock work under the NYLL;

g.    An award for failing to provide the NYLL § 195.1 Notice to the Rule 23 Sub-Class;

h.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation under the FLSA;

i.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and off-the-clock work under the NYLL;

j.    Equitably tolling the statute of limitations under the FLSA;

k.    An award of front back, back pay, punitive damages and interest for Plaintiff Brooks' individual claims;

l.    An award of prejudgment and post-judgment interest;

m.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions

of fact the Complaint raises.

Dated: New York, New York
       March 24, 2015

                      BRONSON LIPSKY LLP

                      Douglas Lipsky (DL-9372)
                      630 Third Avenue, Fifth Floor
                      New York, New York 10017-6705
                      Phone:  212.392.4772
                      dl@bronsonlipsky.com

                      *Attorneys for Plaintiffs*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _The Griffin Security Agency Inc_ and Michael Smith to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____
Signature

_Eusebio Brooks._
Print Name

11-26-14
Date

## CONSENT TO BECOME PARTY PLAINTIFF

1.    I consent to be a party plaintiff in a lawsuit against *Mr Griffin Singh & Maxim Asana* and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and/or state law.

2.    By signing and returning this consent form, I hereby designate Bronson Lipsky LLP to represent me in this lawsuit and to make decisions on my behalf concerning the litigation and any settlement.  I also authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Bronson Lipsky LLP concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or  unfavorable.

3.    I also consent to join any separate or subsequent action to assert my claims against *Mr Griffin Singh* and/or any related entities or persons potentially liable.

_____          _____
Signature                                              Date

_____
Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

1.   I consent to be a party plaintiff in a lawsuit against _Griffin Security Services_ *Agency Inc + Michel Sonn* and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and/or state law.

2.   By signing and returning this consent form, I hereby designate Bronson Lipsky LLP to represent me in this lawsuit and to make decisions on my behalf concerning the litigation and any settlement.  I also authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Bronson Lipsky LLP concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3.   I also consent to join any separate or subsequent action to assert my claims against _Griffin Security_ *Agency Inc + Michel Sonn* and/or any related entities or persons potentially liable.


_____          Date  02/20/2015
Signature

_____
Print Name   James Mallory

## CONSENT TO BECOME PARTY PLAINTIFF

1.      I consent to be a party plaintiff in a lawsuit against
_McGriffin Security_ _Agency & Michl Smith_ and/or related entities and individuals in order to
seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and/or
state law.

2.      By signing and returning this consent form, I hereby designate Bronson
Lipsky LLP to represent me in this lawsuit and to make decisions on my behalf
concerning the litigation and any settlement.  I also authorize the representative plaintiffs
and designate them class representatives as my agents to make decisions on my behalf
concerning the litigation, the method and manner of conducting this litigation, the
entering of an agreement with Bronson Lipsky LLP concerning attorneys' fees and costs,
and all other matters pertaining to this lawsuit.  I agree to be bound by any adjudication
of this action by a court, whether it is favorable or unfavorable.

3.      I also consent to join any separate or subsequent action to assert my claims
against _McGriffin Veurity_ _Agency & Michl Smith_ and/or any related entities or persons potentially liable.


_Salina Loens_                                   _2/05/15_
Signature                                        Date


_Sabrina Loens_
Print Name

## <u>CONSENT TO BECOME PARTY PLAINTIFF</u>

1. I consent to be a party plaintiff in a lawsuit against _The Griffin Security Agency and Michael Smith_ ~~Griffin Security Shuttle Inc.~~ and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and/or state law.

2. By signing and returning this consent form, I hereby designate Bronson Lipsky LLP to represent me in this lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I also authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Bronson Lipsky LLP concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against _The Griffin Security Agency & Michael Smith_ and/or any related entities or persons potentially liable.

_Lynden J. Flowers_                     _2/25/15_
Signature                                      Date

_Lynden J. Flowers_
Print Name