UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
RUSEBIO BROOKS, CARLITA THOMAS, : ECF CASE
JAMES MALLOY, SABRINA LOCUS and :
LYNDEN TYRONE FLOWERS, Individually and :
on Behalf of All Other Persons Similarly Situated, : No.: 1:15-cv-2303 (JGK) (MHD)

    Plaintiffs,

  v.

THE GRIFFIN SECURITY AGENCY, INC. and
MICHAEL E. SMITH, Jointly and Severally,

    Defendants.
------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2/22/19

**ORDER GRANTING FINAL APPROVAL OF THE FAIR LABOR STANDARDS ACT COLLECTIVE ACTION SETTLEMENT, APPROVING SERVICE PAYMENTS TO THE NAMED PLAINTIFFS, AND APPROVING ATTORNEYS' FEES AND OF EXPENSES,**

This matter came before the Court on the application of Plaintiffs Eusebio Brooks, Carlita Thomas, James Malloy, Sabrina Locus and Lynden Flowers ("Named Plaintiffs") and The Griffin Security Agency, Inc. and Michael E. Smith ("Defendants") for final approval of the May 24, 2018 Settlement Agreement (the "Agreement"). The Court having held a Final Fairness Hearing on February 12, 2019 at 4:30 p.m. and considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is on this 21st day of February, 2019.

IT IS HEREBY ORDERED THAT:

1. For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions set forth in the Agreement, including, but not limited to, the following:

> Settlement Class: The 132 individuals who submitted opt-in forms, joining the FLSA Collective Action.
>
> Authorized Claimant: The 102 Settlement Class Members who timely submitted a Claim Form in accordance with the terms of the Agreement and who become entitled to receive a Settlement Payment under the Agreement. Agreement ¶ 4.b.

Gross Settlement Sum: $150,000.00, which represents the maximum total amount that Defendants will fund under this Agreement, inclusive of Settlement Payments, Class Counsel's Fees, Class Counsel's Costs, and Service Payments. Agreement ¶ 5.

Net Settlement Sum. The Gross Settlement Sum less the amounts awarded to Plaintiffs' Counsel, including Counsel's costs, and the Service Payments to Plaintiffs Eusebio Brooks, Carlita Thomas, James Malloy, Sabrina Locus and Lynden Flowers. Agreement ¶ 5.

Bar Date: The date by which any Settlement Class Member who wishes to qualify as an Authorized Claimant must file a Claim Form. The Bar Date shall be no later than 45 calendar days after the date on which the Settlement Notice and Claim Forms were mailed to the Settlement Class Members. Settlement Class Members must timely file a fully completed Claim Form on or before 45 calendar days after the date Settlement Notice and Claim Forms are post-marked in order to be considered an Authorized Claimant. Agreement ¶ 4.b.

Settlement Notice: The notice substantially in the form attached as Exhibit B to the Agreement, as modified pursuant to the Court's instructions during the June 29, 2018 hearing.

Claim Form: The Proof of Claim that Settlement Class Members must use to a file a claim in the Action, a copy of which is Exhibit B to the Agreement.

Claim Submission Period: The period beginning with the date the Settlement Notice and Claim Forms are post-marked to Settlement Class Members and ending on the Bar Date.

Released Parties: The Griffin Security Agency, Inc. and Michael Smith. Agreement ¶ 3.

Final Effective Date: The first date after all of the following events and conditions have been met or have occurred: (i) the Court enters the Preliminary Approval Order; (ii) the Bar Date has passed; (iii) the Court entered a Final Approval Order; (iv) the time to appeal from the Final Approval Order has expired and no Notice of Appeal has been filed or if an appeal is filed, the appellate process is exhausted and the Final Approval Order has remained intact in all material respects; and (vi) the Final Fairness Hearing has occurred.

Released Claims: Any and all complaints, charges, causes of action, agreements, promises, liabilities, claims, demands, rights and entitlements of any kind whatsoever, in law or equity, whether known or unknown, asserted or un-asserted, fixed or contingent, apparent or concealed, which Plaintiffs, their heirs, executors, administrators, successors or assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever existing, arising or occurring at any time on or prior to the date they execute this Agreement in connection with being employed by Defendants, that involve (1)

claims for not being paid for all hours worked or not being paid overtime premium pay under the FLSA and Labor Law and (2) claims for not receiving the Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1. The released claims, under this paragraph, include all types of relief available for the above referenced theories of relief, including any claims for unpaid wages, unpaid overtime, damages, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief. Agreement ¶ 3.

Plaintiffs' Counsel: Douglas B. Lipsky of Lipsky Lowe LLP.

Final Fairness Hearing: The hearing contemplated by the Parties, at which the Court will approve, in final, the Agreement and make such other final rulings as are contemplated by this Agreement, including the Final Judgment.

2. This Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Settlement Class Members in accordance with Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216. This Agreement is the product of arm's-length settlement negotiations.

3. The Settlement Notice given to the Settlement Class Members fully and accurately informed them of the proposed settlement, was the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all Class Members, complying fully with Fed. R. Civ. P. 23, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the United States Constitution, and any other applicable laws, as appropriate.

4. For the 30 Settlement Class Members who did not timely submit a Claim Form, who are identified in the February 12, 2019 submission to the Court (Dkt. No. 267), their claims against Defendants are dismissed without prejudice. These Settlement Class Members are therefore not deemed to have released or discharged the Released Parties from any and all Settled Claims.

5. As of the date of this Order, and except as to any rights or claims the Agreement creates, the Named Plaintiffs and Authorized Claims shall be deemed to have forever and fully released the Released Claims against the Released Parties.

6.  The Court awards $1,500.00 to Eusebio Brooks, Carlita Thomas, James Malloy, Sabrina Locus and Lynden Flowers, totaling $7,500.00. These Service Payments are reasonable in light of the efforts they have expended in furthering the Settlement Class Members' interests, and the risks they incurred by becoming and continuing as litigants.

7.  The Court awards Plaintiffs' Counsel 1/3 of the Gross Settlement Sum in attorneys' fees and expenses, equaling $50,000.00. The fee award is justified by the work that Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, the risk that Counsel undertook in bringing the claims, and the work that Counsel will likely have to perform following the entry of this Order.

8.  The following event series shall be followed in connection with distributing the Individual Payments to the Authorized Claimants:

    i. Defendants shall distribute the first payments within 15 calendar days from the Effective Date and distribute the remaining 36 payments every subsequent 30-day periods until Defendants satisfy their obligations under this Agreement. The first payment shall be in the amount of $20,000.00 and allocated as follows: $13,333.33 made payable to the Plaintiffs, and $6,666.67 made payable to Plaintiffs' counsel. The subsequent 36 payments shall be in the amount of $3,611.11 and allocated as follows: $2,407.41 to Plaintiffs, and $1,203.70 made payable to Plaintiffs' Counsel. Agreement ¶¶ 5.c.-5.g. b.

    ii. The Named Plaintiffs will be the first Plaintiffs to be paid their Settlement Payments along with their Service Payments. The remaining Plaintiffs will be paid in descending order of those with the greatest Settlement Payments (i.e., those who are owed the most are paid first). If a particular monthly payment is insufficient to cover a Plaintiff's total payment, he/she will receive partial payment in one month and will continue to receive monthly payments until paid in full. Agreement ¶ 5.h.

    iii. Defendants will distribute checks for each Authorized Claimant, by regular U.S. Mail postage prepaid. The checks shall be valid for 180 calendar days. Agreement ¶ 5.i.

    iv. The attorneys' fees and costs shall be distributed in equal payments from each distribution, with the payment amount reflecting the relative percentage of the Court-awarded fees and costs to the GSS. Agreement ¶ 5.e. and 5.f.

9. The Court retains jurisdiction over this action for the purpose of enforcing the Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Agreement, which are incorporated herein, and this Order.

SO ORDERED:

Dated: New York, New York
2/21, 2019

_____
The Honorable John G. Koeltl, U.S.D.J.

The Clerk shall enter Judgment in accordance with this Order. The Clerk shall close all pending motions and close this case.

So Ordered.
John G. Koeltl
U.S.D.J.

2/21/19.

-5-